## BALLARD v. VILLAGE OF HAMBURG.

(Supreme Court, Appellate Division, Fourth Department.    March 8, 1911.)

1. MUNICIPAL CORPORATIONS (§ 821*)—ICY SIDEWALKS—QUESTION FOR JURY.

In an action for injuries alleged to have been due to a fall upon an icy sidewalk, *held*, on the evidence, that the question of the condition of the sidewalk was for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1745–1757;  Dec. Dig. § 821.*]

2. MUNICIPAL CORPORATIONS (§ 771*)—DEFECT IN STREETS—ICY SIDEWALK.

A municipal corporation is not liable for injuries caused by an icy sidewalk, unless it is shown that the injuries were caused by hummocks or ridges of ice which had accumulated and were then permitted to remain for some time after the weather was such as to permit their removal.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1627;  Dec. Dig. § 771.*]

3. NEW TRIAL (§ 108*)—NEWLY DISCOVERED EVIDENCE—PROBABLE EFFECT—PERSONAL INJURIES.

Where the affidavits presented with the motion of defendant municipality for a new trial, in an action for injuries caused by a fall on an icy sidewalk, show that on a new trial witnesses would give important evidence as to the plaintiff's physical condition before the accident, which would probably affect the amount of damages, a new trial may be ordered.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 226, 227;  Dec. Dig. § 108.*]

Spring and Kruse, JJ., dissenting.

Appeal from Trial Term, Erie County.

Action by Ada L. Ballard against the Village of Hamburg.  From a judgment of the Supreme Court, entered in Erie county upon a verdict of a jury, and from orders denying motions, defendant appeals.  Reversed, and new trial ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Philip A. Laing and W. H. Ticknor, for appellant.
Charles W. Sickmon and Arthur C. Wade, for respondent.

WILLIAMS, J.   The judgment and orders should be reversed, and a new trial granted, with costs to the appellant to abide event.

The action was for negligence.  The plaintiff slipped and fell upon one of the defendant's sidewalks, and received injuries for which she has recovered $10,500 damages.  The recovery was based upon the claim that plaintiff fell upon a ridge of ice on the sidewalk, eight or ten inches in height, that had been permitted to remain upon the walk for months.  The plaintiff, her sister, and three other girls, friends of plaintiff, testified to this condition of the walk.  Seven witnesses for the defendant gave evidence tending to show there was no ridge of ice there at all; and two other witnesses testified that plaintiff said she did not know whether there was a ridge of ice on the walk or not, that there was ice, and it was slippery all about, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that on her way to the car, after she fell, she had to exercise great care to avòid falling again. There was also evidence on both sides as to the weather for some time before the accident, the fall of snow and rain, and the freezing and thawing. There was, evidence tending to show that all the walks were icy and slippery when the accident occurred, and I do not find that this evidence was contradicted.

It was a question for the jury to determine what the condition of the walk was where the accident occurred. The slipping and falling on an icy sidewalk does not ordinarily give a right of action against a municipality, especially when the weather is such as to render all the walks icy and slippery. Under such circumstances the clean walks are the most dangerous after water has fallen upon them and frozen. In order to reoover in an icy sidewalk case, it must appear that the fall was not by reason merely of ice and a slippery condition, but was caused by hummocks or ridges of ice and snow which had accumulated and been permitted to remain for a considerable time, when the weather had been such as to permit the walk to be cleaned off. It often occurs that municipalities, large and small, are visited by weather conditions causing their walks generally to be for a time in a dangerous condition from ice, and no one is at fault. The plaintiff in this case contended at the trial that her fall was upon a walk in such condition as to charge the defendant with liability under the well-settled principles of law above referred to. Where in such a case there is considerable evidence controverting such a claim on the part of the plaintiff, suspicion is liable to be created that the evidence may be made to suit the necessities of the case and avoid the law applicable thereto. Ordinarily the jury must settle the fact as to the real condition of the walk, and here it has found in favor of the plaintiff on this issue.

Upon the other great issue in this case, as to the injuries of the plaintiff chargeable to this accident, there was at the trial a serious conflict in the evidence. The plaintiff claimed that all the infirmities were chargeable to this fall upon the sidewalk, while the defendant insists that she was ailing long before this accident, and that she has been allowed to recover here for infirmities in no way resulting from this fall. She has the legal right to recover only for such injuries as actually resulted from the fall. It is always difficult to defend the claims of women for damages by reason of personal injuries arising from accidents. They can testify to their condition before the accident and their alleged sufferings since, and whether all their infirmities, which apparently exist and are real at the time of the trial, had their commencement at the time of the accident or date far back of it, are largely within the knowledge and keeping of themselves, and subject to little or no contradiction by other evidence. In these times, when women's spines and nerves and female organs play such an important part in negligence cases, we are liable at times to become skeptical as to the real condition of things, when large verdicts are recovered from juries. Considerable evidence was given on the trial upon this issue, it was submitted to the jury, and they rendered this large verdict. I will not attempt to analyze or discuss the evi-

dence bearing upon this issue. It is claimed that the finding of the jury upon the two issues referred to was contrary or against the weight of evidence, and that the damages certainly are excessive. There was a motion for a new trial, on account of newly discovered evidence, and the affidavits of witnesses were produced thereon, showing they could give very important evidence, especially as to the plaintiff's condition before the accident, which might at least cause a considerable reduction in the amount of damages recovered. I am not satisfied with the verdict that has been rendered.

We might, as we frequently do, provide for a reduction of the amount of the verdict merely; but I think it better to order a new trial and permit another hearing of the case before a jury. The parties will then have an opportunity to contest again all the questions involved in the case, and take the judgment of another jury thereon. All concur, except SPRING and KRUSE, JJ., who dissent.